JOHN K. FITCH, Appellant, *v.* JOHN C. WEIR, Doing Business under the Trade Name and Style of WEIR BROTHERS & Co., Respondent.

First Department, April 4, 1924.

**Principal and agent — action to recover balance of proceeds of stock sold by defendant, stockbroker, for plaintiff — defendant permitted to prove without objection purchase of stock for plaintiff with balance of proceeds — plaintiff entitled, under Civil Practice Act, § 243, to meet such defense by proof of fraud of broker though not pleaded.**

In an action to recover the net proceeds of stock sold by the defendant, a stockbroker, for the plaintiff, in which there was no affirmative defense or counterclaim pleaded, but the defendant was permitted to prove, without objection,

an agreement for the purchase of other shares of stock with the proceeds of the sale and their purchase and delivery to the plaintiff, the plaintiff was entitled to meet such defense by proving that payment had not been made through the purchase of the other stock either owing to the fraud of the defendant in selling to the plaintiff his own stock or because the defendant had not actually expended for the plaintiff the amount charged, since even if the defendant had pleaded the purchase of other stock as a defense, the plaintiff, under section 243 of the Civil Practice Act, would have had the right to meet such defense by evidence of fraud without any reply.

APPEAL by the plaintiff, John K. Fitch, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of December, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 20th day of December, 1922, denying the plaintiff's motion for a new trial made upon the minutes.

*Ferris & Ansbacher* [*Jacob Ansbacher* of counsel], for the appellant.

*Goldman & Unger* [*Samuel Rubin* of counsel; *William F. Unger* with him on the brief], for the respondent.

McAVOY, J.:

The defendant had a verdict on the trial of the issues and an appeal is taken from the judgment entered thereon; and also from an order denying plaintiff's motion for a new trial on exceptions to rulings at the trial which prevented plaintiff from properly contesting the defendant's alleged defense.

The plaintiff alleges for his cause of action that the defendant Weir did business under the trade name of Weir Brothers & Co. Weir was a stockbroker and between the dates of October 23 and October 30, in the year 1919, plaintiff delivered to the defendant 5,000 shares of the stock of a corporation known as El Salvador Silver Mines Company, under an agreement that defendant should sell the stock for the account of plaintiff, and upon receipt of the proceeds remit the amount, less expenses, to the plaintiff. The allegation then is that defendant sold the stock for $21,808.50 after deduction of the commissions and revenue stamp expenses of defendant, and has only remitted to plaintiff $8,908.50, leaving a balance due of $12,900.

The answer denies each and every allegation of the complaint, except that it admits that defendant did business as a stockbroker under the title aforesaid; that in October, 1919, plaintiff delivered to the defendant 5,000 shares of El Salvador stock, and that defendant sold the same for the account of plaintiff. There is no affirmative defense or counterclaim pleaded.

Under this state of the pleadings the proof showed that in June, 1919, defendant advised plaintiff to sell 10,000 shares of his El

Salvador Silver Mines Company stock since it had then reached a high point. The plaintiff said he would do so when he secured the shares, they not then being in his hands, and during October, 1919, about the twentieth thereof, the plaintiff delivered to Harry Weir, the brother of the defendant, and concededly his agent for this purpose, a certificate for 10,000 shares of El Salvador Silver Mines Company stock, with instructions to transfer it and sell 5,000 shares. At the time that the delivery of this stock was made, plaintiff discussed with Harry Weir the purchase of stock known as " Honey Bee." Weir claimed that he told plaintiff that a man named Salter had a large block of this stock and needed money, and Weir asserted that plaintiff suggested that Weir carry on negotiations and see what he could do. Harry Weir testified that he found Salter had 34,000 shares and that Salter would sell them at thirty-five cents a share. He told this to the plaintiff, who instructed him to purchase the " Honey Bee " stock. It is the purchase price of these shares by which defendant attempts to account for the difference between the amount realized on the sale of the El Salvador stock and the amount forwarded to the plaintiff. The conceded proceeds of the sale of the El Salvador stock was $20,812.50. The check sent to plaintiff was for $8,908.50, which left a balance claim of $11,904.

The defendant claimed he was entitled to make proof of this transaction under a general denial on the theory that he was merely proving another contract than that alleged by the plaintiff, the complaint having alleged that the transaction contemplated was the sale of the 5,000 shares of El Salvador stock and the return to him of all the proceeds, and defendant claiming that the transaction agreed upon was the sale of the 5,000 shares of the El Salvador stock and the purchase by him of the " Honey Bee " stock and a remittance of the balance to plaintiff after payment for such purchase. This question of pleading might have been decided adversely to defendant on the trial, but it was not raised and defendant was permitted to prove without objection the purchase of the shares of " Honey Bee " stock and their delivery to the plaintiff. Plaintiff claims that he held these shares of stock conditionally until the defendant himself returned from a trip, and Harry Weir told him that he would never lose a dollar by what had happened. Subsequently, the plaintiff did return the 34,000 shares of " Honey Bee " stock to the defendant, although meanwhile he had done several things in connection with their holding which might have been construed as exercising a dominion of ownership over them. In refutation of the aforementioned defense, for it amounted to such, although not pleaded, the plaintiff endeavored to show that

defendant had foisted his own stock on the plaintiff, although he was plaintiff's broker and prohibited in law and in morals from dealing with his principal in respect of his own property, and that plaintiff was, therefore, entitled to rescind the sale even if he had ordered the stock.

The plaintiff also attempted to demonstrate that the defendant had paid a lower price than he charged the plaintiff for so much of the stock as he did actually purchase. Evidence to cover these contentions was excluded by the learned trial court upon the apparent view that it would be unfair to the defendant to require him to meet this issue without having been given a hint of it in the pleadings. In this view we think the learned court was in error. Even if the defendant had pleaded the transaction in the " Honey Bee " stock as a defense, either of payment or as an account stated, the plaintiff, under section 243 of the Civil Practice Act, had the right to meet such defense by evidence of fraud without any reply, and certainly the plaintiff should not be excluded from making this showing as to this defense, where, although the defendant had not pleaded it, he had been permitted to prove it. It is obvious either that the proof with regard to the " Honey Bee " stock was in the nature of an affirmative defense, or if so pleaded it could have been held to be a counterclaim for the purchase price of the " Honey Bee " stock as an offset to the extent of plaintiff's claim. In this view the plaintiff should have been allowed to meet the defense by proving that payment had not been made through the purchase of the " Honey Bee " stock, either owing to the fraud of the broker in selling to his principal his own stock, or because the broker had not actually expended for his customer the amount charged to the customer. If the defense had been pleaded it could have been met by this evidence of fraud without any reply.

Section 243 of the Civil Practice Act (formerly section 522 of the Code of Civil Procedure) provides as follows:

" § 243. Allegation not denied; when to be deemed true. Each material allegation of the complaint not controverted by the answer, and each material allegation of new matter in the answer not controverted by the reply where a reply is required, must be taken as true for the purposes of the action. An allegation of new matter in the answer to which a reply is not required, or of new matter in a reply, is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires."

It is, therefore, evident that the proof offered by the plaintiff to show that the defendant had attempted to sell his own stock to the plaintiff, and to indicate that the defendant had even, according to his own books, purchased only part of the stock, and that at a

price lower than that charged to the plaintiff, was all proper evidence within the issues, and should have been admitted.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, SMITH, MERRELL and FINCH, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.